defense to the counterclaim. Present — Carswell, Acting P. J., Johnston, Adel, Sneed and Wenzel, JJ.

MATTHEW NAPEAR, Respondent, v. PENFIELD PETROLEUM PRODUCTS, INC., et al., Appellants.— Action to recover damages for breach of contract of employment of plaintiff and to sell him stock of a corporation. Order granting plaintiff's motion for examination before trial, and discovery and inspection of books and records, affirmed, with $10 costs and disbursements. No opinion. Lewis, P. J., Carswell, Johnston. Adel and Sneed, JJ., concur.

JOSEPH R. PARETTA, Respondent, v. ANDREW YUHAS et al., Appellants.— In an action by a licensed real estate broker against the corporate purchaser of property, and the individual stockholders thereof, to recover brokerage commissions on the ground that defendants promised to pay them and thereafter conspired to deprive plaintiff thereof, there was a judgment in favor of plaintiff. Judgment reversed on the law and a new trial granted, with costs to appellants to abide the event. Plaintiff's Exhibit 6 (a copy of a letter written by plaintiff to one of the defendants stating that the owner was interested in selling the property as per defendants' offer) was erroneously admitted in evidence. *Steber* v. *Palm Knitting Co., Inc.,* 206 App. Div. 439; *McNally* v. *301 Madison Avenue Corp.,* 213 App. Div. 616.) Without that letter, there is no proof of acceptance by the owner of defendants' offer to purchase. Moreover, the admission in evidence of the pages of plaintiff's diary was error. The entries therein were merely private memoranda of matters to be done and not records of an act, transaction, occurrence or event made in the regular course of business. Carswell, Acting P. J., Johnston, Adel, Sneed and Wenzel, JJ. concur.

JENNIE A. PARKTON, Appellant, v. JAMES J. FREEMAN et al., as Executors of CELIA EDELMAN, Deceased, Respondents.— Action to recover damages for personal injuries. Appeal from judgments dismissing the complaint and from orders denying motions to set aside the verdict of the jury and for a new trial. Judgments and orders unanimously affirmed, with one bill of costs. No opinion. Present — Carswell, Acting P. J., Johnston, Adel, Sneed and Wenzel, JJ. [See 274 App. Div. 801.]

PREFERRED OIL COMPANY, INC., Respondent-Appellant, v. ATCO TANK SERVICE, INC., Appellant-Respondent.— In an action for a judgment to declare the rights of the parties under a lease, particularly with respect to whether the term of the lease was extended by virtue of an automatic renewal clause contained therein, defendant landlord appeals from the third decretal paragraph of the judgment, which enjoins it from instituting any proceedings to recover possession of the premises so long as the tenant meets its obligations under the lease, while the facts recited in the opinion remain unchanged and the Emergency Rent Laws are in effect. Plaintiff tenant cross-appeals from the second decretal paragraph of the judgment, which provides that its lease would come to an end on February 29, 1948, and that its possession after that date would be as a statutory tenant under the emergency rent law. On plaintiff's appeal the judgment, insofar as appealed from, is unanimously affirmed, without costs. No opinion. On defendant's appeal, the judgment is modified on the law by striking therefrom the third decretal paragraph and, as so modified, the judgment, insofar as appealed from, is unanimously affirmed, with $10 costs and disbursements to defendant. Sufficient facts were not alleged in the pleadings to permit a determination as to defendant's rights under the Emergency Rent Laws upon the expiration of plaintiff's lease. Present — Lewis, P. J., Carswell, Johnston, Sneed and Wenzel, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ANTHONY BRUNO, Appellant.— Judgment of the County Court of Kings County, convicting the

appellant of the crimes of robbery in the first degree, grand larceny in the first degree and assault in the second degree, and imposing sentence, unanimously affirmed. No opinion. Present — Lewis, P. J., Carswell, Johnston, Adel and Wenzel, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DOMINICK CARLUCCI, Appellant.— Judgment of the County Court of Kings County, convicting the appellant of the crimes of robbery in the first degree, grand larceny in the first degree and assault in the second degree, and imposing sentence, unanimously affirmed. No opinion. Present — Lewis, P. J., Carswell, Johnston, Adel and Wenzel, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSEPH CASTELLANO, Appellant.— Judgment of the County Court of Kings County, convicting defendant of the crime of murder in the second degree, reversed on the law and new trial ordered. Defendant was deprived of a fair trial by the adverse and improper comments of the prosecutor during the course of summation (1) upon the race of deceased and defendant (*Malinski* v. *New York*, 324 U. S. 401, 434; *People* v. *Esposito*, 224 N. Y. 370, 373; *Abbate* v. *Solan*, 257 App. Div. 776; *Saunders* v. *Champlain Bus Corp.*, 263 App. Div. 683), (2) upon the exercise by defendant of the right of peremptory challenge, together with appeals to individual jurors (*People* v. *Creasy*, 236 N. Y. 205, 226), and (3) upon defendant's retention of an attorney and the payment of a fee to him, a subject on which defendant also had been improperly cross-examined. The prejudicial effect of this misconduct was accentuated by the court, which not only failed sternly to admonish the prosecutor but justified it, indulging at times in mild suggestions to the prosecutor to desist. Other prejudicial remarks and conduct of the prosecutor need not be enumerated as it is assumed that there will not be a recurrence thereof at the new trial. Lewis, P. J., Carswell, Johnston, Adel and Wenzel, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. IRVING COHEN, Appellant.— Judgment of the County Court, Kings County, convicting defendant of the crime of grand larceny in the first degree, on numerous counts, and imposing sentences thereon, and orders, affirmed. No opinion. Lewis, P. J., Carswell and Johnston, JJ., concur; Adel and Wenzel, JJ., dissent and vote to reverse the judgment on the law, to dismiss the indictment, and to dismiss the appeal from the orders, with the following memorandum: The case against appellant is entirely circumstantial. There is evidence that he aided and assisted Lobel, a codefendant (see *People* v. *Lobel, post*, p. 978, decided herewith), to cash checks in New York County, and that the checks were stolen. There can, however, be no exclusive inference from the evidence that appellant had knowledge that the checks were stolen; and it can as readily be inferred from the evidence that his knowledge was to the effect that the checks were of another character. The specific crimes submitted to the jury by the trial judge were not proved beyond a reasonable doubt to have been committed by the appellant.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ADOLPH J. KULIKAUSKAS, Appellant.— Judgment of the County Court of Queens County, convicting defendant of the crimes of kidnapping, first degree rape, and second and third degree assault, unanimously affirmed. (Code Crim. Pro., § 542.) Present — Lewis, P. J., Carswell, Johnston, Adel and Wenzel, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JULIUS LOBEL, Appellant.— Judgment of the County Court, Kings County, convicting the defendant of the crime of grand larceny in the first degree, on numerous counts, and imposing sentences thereon, and order, unanimously affirmed. No opinion. Present — Lewis, P. J., Carswell, Johnston, Adel and Wenzel, JJ.